# NO. 12-09-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHEN DELAIN RAMBO,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Stephen Delain Rambo appeals his conviction for possession of a controlled substance, for which he was sentenced to imprisonment for two years and a one thousand dollar fine. In one issue, Appellant contends that the evidence is legally insufficient to support the trial court's judgment. We affirm.

### BACKGROUND

On October 6, 2008, Appellant was stopped by Winnsboro police officer Donald Booth on South Walnut Street in Winnsboro, Texas for failing to stop behind the stop line at a red light. Booth testified that Appellant and the three passengers in the car, a black Toyota Camry, appeared nervous and fidgety when he approached the car and spoke to Appellant. After Booth asked Appellant and the passengers to step out of the car, Appellant and Paula Box, a passenger who owned the car, gave Booth permission to search the vehicle. During his search, Booth discovered a plastic baggy under the driver's seat containing methamphetamine. Appellant and the three passengers were transported to the jail at the Winnsboro Police Department.

Appellant was charged by indictment with possession of less than one gram of methamphetamine and pleaded "not guilty." At trial, Booth testified that when Appellant was being placed in his cell, he stated that it was his dope and he would claim it. On cross examination, Booth stated that Appellant actually said, "If you will let everybody go, the dope will belong to me."

Roderick Hashaway, the patrol captain of the Winnsboro Police Department, testified that he passed the scene while on his way home from the police department and stopped to assist. Hashaway stated that he administered **Miranda** warnings to Appellant and the three passengers. Hashaway further stated that Appellant told him that he and the others had been "doing a little dope" that evening. Hashaway testified that as Appellant was being booked into the jail, he found $2,445.00 in cash in Appellant's wallet consisting of twenty-three one hundred dollar bills, six twenty dollar bills, two ten dollar bills, and five one dollar bills. During cross examination, Hashaway admitted that there had been eighteen phone calls between him and Theressa Kirkendall, a confidential informant, on October 6, 2008.

Later in the trial, Ronald James Yates, who was then incarcerated for possession of methamphetamine, testified that he once had a dating relationship with Kirkendall. Yates further testified that Kirkendall told him she planted the methamphetamine in the car Appellant was driving, informed Hashaway what she had done, and gave Hashaway a description of the vehicle and its license plate number. Yates stated that Kirkendall told him that she had done this for the purpose of getting him out of jail.

Kirkendall testified that in October 2008, she and Sandy Coker were driven by Greg Roebuck in a black Toyota Camry to a location between Pittsburg, Texas and Leesberg, Texas. There, Roebuck purchased from T.J. Rozell a plastic baggy containing approximately one gram of methamphetamine. According to Kirkendall, Roebuck then returned to Winnsboro, drove Coker and Kirkendall to Kirkendall's house, and drove away. Coker also testified about this event, but could not recall the date in October on which it had occurred. Coker stated that the amount of methamphetamine Roebuck purchased from Rozell was one-half of one gram.

Kirkendall testified that she had lied to Yates about having contacted Hashaway concerning her planting of the methamphetamine in the black Toyota Camry. Kirkendall further testified that she often lied to drug dealers and that she lied to Yates for the purpose of garnering his assistance in identifying drug dealers in the Winnsboro area. Hashaway also testified that he had not spoken with Kirkendall on October 6, 2008 about any controlled substance located in a black Toyota Camry.

Utlimately, the jury found the Appellant "guilty" as charged. Thereafter, the trial court assessed Appellant's punishment at imprisonment for two years and a one thousand dollar fine. This appeal followed.

## LEGAL SUFFICIENCY

In his sole issue, Appellant contends that the evidence was legally insufficient to support that he knowingly possessed methamphetamine.

## Standard of Review

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S.Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S.Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.* The use of the hypothetically correct jury charge applies to review for both legal and factual sufficiency. *See Wooley v. State*, 273 S.W.3d 260, 261 (Tex. Crim. App. 2008).

## Applicable Law

To meet its burden of proof that Appellant knowingly possessed a controlled substance, the State was required to demonstrate that Appellant (1) exercised control, management, or care over the substance and (2) knew the matter possessed was contraband. *See Poindexter v .State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010). "Possession" means actual care, custody, control or management of an item. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010). Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

When the contraband is not found on the accused's person or is not in his

exclusive possession, additional facts must link the accused to the contraband. *See **Willis v. State***, 192 S.W.3d 585, 593 (Tex. App.–Tyler 2006, no pet.). Among the nonexclusive factors that may be considered when evaluating links are (1) whether the contraband was in plain view or recovered from an enclosed place; (2) whether the accused was the owner of the premises or had the right to possess the place where the contraband was found, or was the owner or driver of the automobile in which the contraband was found; (3) whether the accused was found with a large amount of cash; (4) whether the contraband was conveniently accessible to the accused or found on the same side of the vehicle as the accused was sitting; (5) whether the contraband was found in close proximity to the accused; (6) whether a strong residual odor of the contraband was present; (7) whether the accused possessed other contraband when arrested; (8) whether paraphernalia to use the contraband was in view or found on the accused; (9) whether the physical condition of the accused indicated recent consumption of the contraband in question; (10) whether conduct by the accused indicated a consciousness of guilt; (11) whether the accused attempted to escape or flee; (12) whether the accused made furtive gestures; (13) whether the accused has a special connection to the contraband; (14) whether the occupants of the premises gave conflicting statements about relevant matters; (15) whether the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) whether the accused was observed in a suspicious place under suspicious circumstances. ***Id.***

Each case must be examined on its own facts. ***Roberson v. State***, 80 S.W.3d 730, 736 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). A link ordinarily emerges from a combination of several factors and the logic of force they have in combination. *See **Young v. State***, 242 S.W.3d 192, 197 (Tex. App.–Tyler 2007, no pet.).

<u>Analysis</u>

The evidence in the instant case does not indicate that Appellant possessed the methamphetamine on his person. Furthermore, the evidence reflects that Appellant did not own the 2001 black Toyota Camry in which the methamphetamine was found. However, Appellant was driving the car and the methamphetamine was found under the driver's seat, a place easily accessible to Appellant. The record also indicates that Appellant was nervous when he was detained by Officer Booth. Appellant later admitted to Hashaway that he had used "dope" earlier in the evening. He also made an incriminating statement to Booth that the methamphetamine was his and that the passengers in the vehicle should be freed. Finally, Appellant was carrying $2,445.00 on

his person with virtually all of it being in the denomination of one hundred dollar bills.

Based on our examination of the evidence in the light most favorable to the jury's verdict and in light of the nonexclusive factors set forth above, we conclude that the jury could have reasonably determined beyond a reasonable doubt that Appellant knowingly and intentionally possessed the methamphetamine found under the driver's seat in the 2001 Toyota Camry. Accordingly, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)